UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHANES TROYE, Jr., <br><br>　　　　　　　　　　　Plaintiff, <br><br>v. <br><br>JOE CONFORTE, <br><br>　　　　　　　　　　　Defendant. | Case No. 3:17-cv-00079-RCJ-WGC <br><br> **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Before the court is Plaintiff's application to proceed in forma pauperis (Electronic Case Filing (ECF) No. 1) and complaint (ECF No. 1-1).

### I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff's IFP application is difficult to read, but it appears to state Plaintiff's income consists of $735 per month. He claims to owe hospital thousands of dollars; therefore, it appears that he is unable to pay the filing fee. As a result, Plaintiff's application to proceed IFP (ECF No. 1) should be granted.

## II. SCREENING

**A. Standard**

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the

speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff has filed an action on the form civil rights complaint pursuant to 42 U.S.C. § 1983 against Joe Conforte. (ECF No. 1-1.) The complaint consists of a single handwritten paragraph which is extremely difficult to read. What the court can decipher is Plaintiff states that he wants the news media to publish his phone number on their networks so Joe Conforte can contact him regarding a jury trial. (ECF No. 1-1 at 3.) He says there should be an inspection by Nurse Valente. (*Id*.) He references an ankle brace so "he" (Plaintiff or Joe Conforte) can get from Northern Nevada Medical Center until he pays his taxes and gets probation. (*Id*.)

As the Supreme Court has noted, "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "To prevent such abusive or captious litigation, § 1915(d) [now § 1915(e)(2)(B)(i)] authorizes federal courts to dismiss a claim filed [IFP] 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.'" *Id*. "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Id*. (citation omitted). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Id*. This term "embraces not only the inarguable

legal conclusion, but also the fanciful factual allegation." *Id*. 1915(e)(2)(B)(i) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*. at 327. This includes "claims of infringement of a legal interest which clearly does not exist" and "claims describing fantastic or delusional scenarios." *Id.* at 327-28.

Here, the court cannot make sense of Plaintiff's barely-legible allegations, and to the extent it can decipher them, they lack an arguable basis in law or fact. Therefore, this action should be dismissed with prejudice as frivolous.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an Order:

(1) **GRANTING** Plaintiff's application to proceed IFP (ECF No. 1);

(2) Directing the Clerk to **FILE** the complaint (ECF No. 1-1); and

(3) **DISMISSING** the action **WITH PREJUDICE**.

Plaintiff is advised:

1. That pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation may be filed within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: February 13, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE